IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEROME JERRELL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:15CV918 |
| v. | ) | 1:13CR324-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerome Jerrell Jackson, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket Entry 24.) Petitioner was indicted for, and plead guilty pursuant to a plea agreement to, interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One)[1] and brandishing a firearm in connection with said robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). (Docket Entries 1, 10-11, and 14; Minute Entry 10/7/2013.) Petitioner was sentenced to 124 months of imprisonment. (Docket Entry 14, Minute Entry 2/25/14.) Petitioner's appeal was unsuccessful. *See United States v. Jackson*, 585 F. App'x 74 (4th Cir. 2014). Petitioner then filed the instant motion, the Government filed a response, and Petitioner, in turn, filed a reply. (Docket Entries 24, 29, and 32.) This matter is now ready for a ruling.

### Petitioner's Grounds for Relief

Petitioner raises three grounds for relief. Petitioner first asserts that plea counsel was ineffective because he "failed to advise him of the elements of the Hobbs Act crime

---

[1] The Court will refer to this conviction as the Hobbs Act conviction or crime.

particularly the fact that commerce had to be interfered with." (Docket Entry 24, Ground One.) Petitioner contends further that sentencing "[c]ounsel also failed to object to the presentence report miscalculation of the criminal history points" and that appellate counsel "failed to investigate and raise such issues as addressed in this motion." (*Id.*) Petitioner's second ground is that the Court lacked subject matter jurisdiction over his criminal case because "[c]ommerce was never interfered with and the facts contained in the indictment and [P]etitioner[']s conduct is proof." (*Id.*, Ground Two.) Petitioner's third ground is that the Court "erred to sentence the [P]etitioner to 120 months of imprisonment, resulting in a violation of [R]ule 32 of the United States Sentencing Guideline Manual." (*Id.*, Ground Three.) As explained below, these grounds lack merit.

## Discussion

### Ground One

#### A. Petitioner Has Failed to Demonstrate Ineffective Assistance as to His Hobbs Act Conviction.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there

is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Where, as here, "a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. [T]o rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing Court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quote marks omitted). Absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, the statements made at Petitioner's Rule 11 hearing are a formidable barrier to his claim. Petitioner asserts in his § 2255 motion that he was not informed of the elements of

the Hobbs Act crime (Count One) to which he pled guilty. For the following reasons, this allegation warrants no relief.

First, the plea agreement makes clear that, as to both Counts One and Two, "[t]he nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him [Petitioner] by his attorney." (Docket Entry 11 at 1-2, ¶ 2.) The plea agreement was signed by Petitioner and his attorney. (*Id.* at 7.)

Second, at his change of plea, Petitioner raised no question about the elements of the offenses to which he was pleading guilty. (Docket Entry 19.) He advised the Court that he had the opportunity to speak with his attorney about the charges against him. (*Id.* at 5.)

Third, the Court also questioned Petitioner to determine if he understood the charges he was accused of and was pleading guilty to:

> THE COURT: Do you understand you've been accused and are now pleading guilty pursuant to a plea agreement with Count One, interference with commerce by robbery, and Count Two, that during and in relation to a crime of violence you carried and used a firearm by brandishing that firearm? Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand those charges?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with the services rendered on your behalf by your attorney, Mr. Dusenbury?
>
> THE DEFENDANT: Yes, sir.

-4-

(*Id.* at 5-6.) Defense counsel reviewed the terms of the plea agreement and the potential penalties and advised the Court that he recommended the change of plea be accepted. (*Id.* at 6-7.) Counsel also indicated that he had advised Petitioner as to Count Two about the difference between possessing and brandishing a firearm. (*Id.* at 8-9.)

Fourth, the Court carefully questioned Petitioner on several points. (*Id.* at 9-15.) In pertinent part, the Court asked Petitioner:

> THE COURT: Has your attorney explained to you the essential elements of the offenses that you're pleading guilty to that if you had a trial the Government would have to prove each element beyond a reasonable doubt before a jury could return a verdict of guilty? Do you have any questions as to what those elements are for the offenses you're pleading guilty to?
>
> THE DEFENDANT: No, sir.

(Docket Entry 19 at 14-15.)

Fifth, counsel advised the Court that the factual basis supported the guilty plea Petitioner was entering and, based on that showing, Petitioner was pleading to the charges of interference with commerce by robbery and, during and in relation to a crime of violence, carrying and using a firearm by brandishing. (*Id.* at 15-16.) Petitioner then advised the Court that he was pleading guilty because he was in fact guilty of those charges. (*Id.* at 16.) Only then did the Court enter its finding that Petitioner was "fully competent and capable of entering an informed plea"; that he was "aware of the nature of the charges and the consequences of his plea; that his plea of guilty [wa]s made voluntarily and knowingly and [wa]s supported by an independent basis in fact containing each of the essential elements of

-5-

the offense." (*Id.* at 16.) The Court then accepted Petitioner's guilty plea and adjudged him guilty of the offenses charged in Counts One and Two of the indictment. (*Id.* at 16-17.)

None of this supports Petitioner's contention that he was ignorant of the elements of his plea of guilty to Count One of the indictment, the Hobbs Act conviction. For all these reasons, this allegation lacks merit and should be denied.[2]

### B. Because There Was No Sentencing Miscalculation, Petitioner Has Failed to Demonstrate Ineffective Assistance at Sentencing.

Next, Petitioner alleges that counsel erred by failing to object to the presentence report "miscalculation" of criminal history points for consolidated "juvenile" convictions. (*See* Docket Entry 24 at 4; Docket Entry 25 at 8-11.) However, there was no miscalculation here. First, there were no juvenile convictions. (Docket Entry 24 at 23 (PSR ¶ 25).) Instead, there were only North Carolina adult convictions where Petitioner was 16 and 17 years old at arrest. (*Id.* at 23-24 (PSR at ¶¶ 26-28).)

Second, the points were properly counted as not all of these convictions were consolidated. (*Id.*) More specifically, the Alamance County, North Carolina, conviction for felony common law robbery (10CRS53366) resulted in a term of 13 to 16 months imprisonment which was consolidated for judgment with the conviction for felony possession with intent to manufacture, sell and deliver a Schedule II controlled substance (10CRS57090). (Docket Entry 24 at 23-24 (PSR ¶¶ 26-27, citing U.S.S.G §§ 4A1.1(a) ("Add 3 points for each

---

[2] Because none of Petitioner's other grounds have merit, his assertion that appellate counsel failed to investigate or raise them also lacks merit. Appellate counsel has no obligation to raise meritless claims. *See Foote v. Solomon*, No. 1:14CV877, 2015 WL 5674903, at *11 n.13 (M.D.N.C. Sept. 25, 2015) (unpublished) *appeal dismissed*, 643 F. App'x 300, 301 (4th Cir. 2016).

Case 1:13-cr-00324-LCB   Document 36   Filed 03/22/18   Page 6 of 12

prior sentence of imprisonment exceeding one year and one month."), 4A1.2(d)(1) ("If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under §4A1.1(a) for each such sentence."), 4A1.2(a)(2)) ("If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence.").) The PSR therefore attributed a total of three points to Petitioner for these convictions, that is, three points for felony common law robbery and none for felony possession with intent to manufacture, sell and deliver a controlled substance. (*Id.*)

However, the convictions for felony breaking and/or entering and felony larceny after breaking/entering (11CRS50735) were consolidated with one another for an additional term of 6 to 8 months of imprisonment, suspended, with 30 months supervised probation upon release in 10CRS053366 (Docket Entry 24 at 24 (PSR ¶ 28, citing U.S.S.G. §§ 4A1.1(c) (add one point for "prior sentence" that was not a "prior sentence of imprisonment exceeding one year and one month" or "at least sixty days"), 4A1.2(a)(2)(B) ("If there is no intervening arrest, prior sentences are counted separately unless . . . the sentences were imposed on the same day."); 4A1.2(d)(2)(B) ("add 1 point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense"); Docket Entry 29 (Attach. 3, Judgment-11CRS050735).) The PSR therefore attributed one criminal history point to Petitioner. (Docket Entry 24 at 23-24 (PSR ¶ 28).) However, prior to sentencing, Petitioner's suspended sentence was activated, and as a result Petitioner was attributed two points for this conviction. (Docket Entry 24 at 24, ¶ 28; Docket Entry 20 at 3-4; Docket Entry 29, Attach 2 at 3-4, ¶¶ 6-9; Docket Entry 12 and Attach. 1.) Because this

-7-

conviction was not consolidated for judgment with the convictions described in the prior paragraph of felony robbery and felony possession with intent to distribute, Petitioner is mistaken in contending that all of his convictions were consolidated.[3]

Third, the Fourth Circuit Court of Appeals, in affirming Petitioner's sentence for reasonableness, stated in part: "[t]he district court properly calculated Jackson's Guidelines range and adequately explained the reasons for imposing a within-Guidelines sentence" which the Court presumed to be substantively reasonable. *Jackson*, 585 Fed. App'x at 74. The Fourth Circuit reviewed the entire record and found no meritorious appeal issue. *Id.* Because there was no error, counsel was not ineffective for raising a futile objection, at either the district court or the appellate court levels.

## Ground Two

Petitioner next alleges a lack of subject matter jurisdiction because "[c]ommerce was never interfered with and the facts contained in the indictment and petitioners [sic] conduct is proof." (Docket Entry 24 at 5). Contrary to Petitioner's assertions, he interfered with

---

[3] Because Petitioner committed his federal offenses while under a criminal justice sentence for felony breaking and/or entering and felony larceny after breaking/entering, he received two additional criminal history points. U.S.S.G. § 4A1.1(d) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.") (Docket Entry 35, ¶ 30.) Consequently, Petitioner had seven criminal history category points, a criminal history category of IV, a total offense level of 17, and he faced an advisory guideline range of 37 to 46 months on the Hobbs Act charge, in addition to the mandatory consecutive 84 month sentence for brandishing. (Docket Entry 35, ¶¶ 23, 31; Docket Entry 20 at 4, 23-24; U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2013).) Petitioner was sentenced to 40 months for the Hobbs Act robbery and a consecutive 84 months for brandishing, for a total of 124 months of imprisonment. (Docket Entry 14.) To the extent Petitioner attacks the advisory guideline range at sentencing as part of his ineffective assistance of counsel claim, the argument has no merit.

Case 1:13-cr-00324-LCB   Document 36   Filed 03/22/18   Page 8 of 12

commerce by robbery in violation of 18 U.S.C. § 1951(a). The indictment makes clear the allegations Petitioner faced as to Count One, including the interstate commerce element he raises now. (Docket Entry 1.)

Specifically, Count One of the indictment states, in pertinent part:

> 1. At all times material to this Indictment, ABC Liquor Store, located at 7713 U.S. Highway 70, Mebane, North Carolina, was engaged in the commercial activities of the retail sale of alcoholic beverages, in interstate and foreign commerce and in an industry which affected interstate and foreign commerce.
>
> 2. On or about August 12, 2013, in the County of Orange, in the Middle District of North Carolina, JEROME JERRELL JACKSON did unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that JEROME JERRELL JACKSON did knowingly and unlawfully take and obtain property consisting of approximately $261.00 in United States currency belonging to the ABC Liquor Store, located at 7713 U.S. Highway 70, Mebane, North Carolina, from the possession of an employee of the said business . . .

(Docket Entry 1, Count One.)

In addition, the factual basis sets forth "[a]t all times, North Carolina Alcohol and Beverage Commission, located at 122 Hwy 70 East in Mebane, North Carolina, was a store engaged in the retail sale of alcohol, in interstate and foreign commerce and in an activity which affected interstate and foreign commerce." (Docket Entry 10 at 4.)

Petitioner also entered a knowing and voluntary guilty plea. (*See* Docket Entry 19.) Specifically, as to Count One, he entered a knowing a voluntary guilty plea to the charge of interference with commerce by robbery. The Court advised Petitioner of the counts he faced

-9-

Case 1:13-cr-00324-LCB   Document 36   Filed 03/22/18   Page 9 of 12

and to which he was pleading guilty and he indicated he understood. (*Id.* at 5.) Petitioner advised the Court he understood the charges against him. (*Id.*) He told the Court he was fully satisfied with the services rendered by counsel. (*Id.* at 5-6.) He raised no questions as to the elements of the offenses to which he was pleading guilty. (*Id.* at 14-15.) Counsel advised the Court that he had reviewed the factual showing with Petitioner. (*Id.* at 15.)

The only issues raised by the defense were: (1) Petitioner's assertion that it was inaccurate to say that he "became agitated with officers and accused them of harassing him"; and (2) counsel's research disclosed one conviction listed in the factual basis might be *Simmons* impaired and thus not a felony. (*Id.*) However, as counsel stated, the factual basis was "otherwise . . . accurate and sufficient to support his guilty plea." (*Id.*) Defense counsel advised the Court that the factual basis supported Petitioner's guilty plea and that Petitioner was pleading guilty to both counts. (*Id.* at 16.) At that point, the Court asked Petitioner if he was in fact guilty of the charges and he replied, "Yes, Sir." (*Id.*)

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). The plea is itself a conviction of the offense charged. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent." *Tollett v. Henderson*, 411 U.S. 258,

-10-

267 (1973). Here, Petitioner has not demonstrated that counsel was ineffective or that his guilty plea was involuntary or without knowledge. In light of the foregoing, no error occurred. Petitioner's ground should be denied and dismissed.[4]

## Ground Three

Petitioner's third ground for relief is that the Court "erred to sentence the [P]etitioner to 120 months of imprisonment, resulting in a violation of [R]ule 32 of the United States Sentencing Guideline Manual." (Docket Entry 24, Ground Three.) While there is no Rule 32 in the United States Sentencing Guidelines manual, Petitioner is apparently referencing Federal Rule of Criminal Procedure 32 in contending that his "sentence was imposed in violation of the Sentencing Guidelines Manual and Due Process pursuant to Rule 32." (Docket Entry 25 at 15.) Here, Petitioner seems to be again contending that his sentence was improperly calculated, apparently for the reasons he argued earlier, *i.e.*, "juvenile" convictions, which he

---

[4] If Petitioner is also contending that the interference with commerce element of the Hobbs Act robbery was somehow impacted by the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995) or *United States v. Morrison*, 529 U.S. 598 (2000), he is mistaken. (Docket Entry 25 at 7, 14.) *See United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) ("Importantly, the Supreme Court's decisions in *Lopez* and . . . *Morrison*, do not disturb our continued application of this 'minimal effects' standard."). Petitioner is also mistaken in contending that *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 421 (2013) apply here. (Docket Entry 25 at 7; Docket Entry 32 at 3, 7.) Those cases addresses procedural default in habeas cases arising in the state courts. They do not stand for the proposition that Petitioner was entitled to counsel, either in the past or presently. There is no constitutional right to appointed counsel in a habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Additionally, to the extent Petitioner requests the appointment of counsel, the request is denied. The Court does not find that appointment of counsel is required by the interests of justice or otherwise.

believes were consolidated, were improperly used to calculate his criminal history. As explained, there was no error here and, therefore, this ground for relief lacks merit as well.[5]

## Conclusion

For the reasons explained above, Petitioner is not entitled to any relief. Neither an evidentiary hearing, nor the appointment of counsel, nor discovery are warranted here.

**IT IS THERFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 24) be denied and that this action be dismissed.

_____
United States Magistrate Judge

March 22, 2018

---

[5] Additionally, Petitioner's contention that the Court erred in its guideline range calculation here, under these facts, is not cognizable on collateral review. *See United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) (concluding that the petitioner's "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice"). And, as explained above, there was no such error here.

-12-